IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Albert D. Haynes, | ) | C/A No. 3:14-352-MGL-PJG |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| William K. Stephenson, Jr., | ) | |
| | ) | |
| Trustee. | ) | |
| _____ | ) | |

This bankruptcy appeal is before the court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2) DSC.  The Appellant Debtor, Albert D. Haynes, who is self-represented, appeals an order of the United States Bankruptcy Court for the District of South Carolina dismissing Haynes's Chapter 13 action with prejudice and barring Haynes from refiling under any chapter of the Bankruptcy Code for one year.  (Appellant Br. at 2, ECF No. 18 at 2.)  This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158, which grants district courts jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges.  28 U.S.C. § 158(a)(1).  Having carefully considered the parties' submissions and the applicable law, the court concludes that the bankruptcy court's order should be affirmed and Haynes's appeal dismissed.

## BACKGROUND

Haynes has filed three petitions for relief under the Bankruptcy Code.  The first action was filed under Chapter 7 on November 2, 2012.  See Haynes v. Anderson, C/A No. 12-6884-jw (Bankr. D.S.C. Nov. 2, 2012).  Following a hearing, the bankruptcy court dismissed Haynes's first

bankruptcy case upon motion of the Trustee, finding that the Trustee "presented evidence that the debtor has failed to file accurate and complete bankruptcy schedules and statements" and that Haynes's delay impaired the Trustee's "determination of whether assets exist which may be liquidated for the benefit of creditors." Id. at ECF No. 59. Haynes filed a motion for reconsideration of the order dismissing his case and further requested that his case be converted to one under Chapter 13. Id. at 62. The bankruptcy court denied Haynes's motion, stating in part that his schedules reflected a negative monthly income, "indicating an inability to fund a plan," and "the inaccurate and incomplete bankruptcy schedules and statements would have to be amended in a chapter 13 case as well, and the debtor had failed to make any amendments despite several opportunities to do so." Id. at ECF No. 70. Haynes did not appeal the court's orders in his first bankruptcy action.

Haynes filed a second bankruptcy action under Chapter 13 on May 2, 2013. See Haynes v. Stephenson, C/A No. 13-2610-jw (Bankr. D.S.C. May 2, 2013). The Trustee filed a motion to dismiss the case with prejudice for a period of one year based in part on Haynes's failure to file complete and accurate schedules. Id. at 30. Haynes filed a motion to voluntarily withdraw from Chapter 13, seeking dismissal of the action without prejudice, id. at ECF No. 39, which the court granted. Id. at ECF No. 43.

Haynes filed his third bankruptcy case under Chapter 13 on October 4, 2013. See Haynes v. Stephenson, C/A No. 13-5901-jw (Bankr. D.S.C. Oct. 4, 2013). The record reflects that Haynes did not file a certificate of credit counseling with the petition and the bankruptcy court notified Haynes that his case could be dismissed unless he cured this deficiency. Id. at ECF Nos. 1, 7. Haynes filed a certificate stating that he received credit counseling one day after he filed the petition. Id. at ECF No. 11. The Trustee requested dismissal of the case for Haynes's failure to certify that



credit counseling had been completed within 180 days prior to filing and further cited Haynes's "repetitive filings and failure to comply with Local Rules" as reason to dismiss the case with prejudice for one year. Id. at ECF No. 16. On October 24, 2013, the bankruptcy court dismissed the case with prejudice for one year for failure to comply with the credit counseling requirement of 11 U.S.C. § 109(h), unless Haynes filed an objection within fourteen days. Id. at 20. Haynes retained counsel and filed an objection to the dismissal.[1]  Id. at ECF No. 24. After a hearing on Haynes's objection, the bankruptcy court dismissed the case with prejudice and barred Haynes from refiling under any bankruptcy chapter of the Bankruptcy Code for one year. Id. at ECF Nos. 26, 28. Haynes appealed, presenting the following issue:

1.      Whether the Bankruptcy Court committed an error of law or an abuse of discretion in granting Amended Order Dismissing Case with Prejudice, based on Section 349(a) of the Bankruptcy Code which authorized the Bankruptcy Court to dismiss a case with prejudice to bar future filings upon a finding of cause.

    a.      Whether the Bankruptcy Court committed an error of law or abuse of discretion by dismissing Appellant's Case With Prejudice based solely upon the Chapter 13 Trustee's Request for Dismissal with Prejudice, filed on October 21, 2013. By order entered October 24, 2013 ("Dismissal Order").

    b.      Whether the Bankruptcy court committed an error of law or an abuse of discretion in basing final Dismissal With Prejudice solely on the Trustee's Request.

    c.      Whether the Bankruptcy Court committed an error of law or an abuse of discretion in finding that the Appellant failed to file complete and accurate documents in his bankruptcy cases . . . until after the dismissal of this case.

---

[1] All of Haynes's bankruptcy petitions were filed *pro se*. He did not obtain counsel until after the entry of a dismissal order in C/A No. 13-5901.



[d].    Whether the Bankruptcy Court committed an error of law or an abuse of discretion in relying upon contested facts in awarding substantial contribution claim.

[e].    Whether the Bankruptcy Court committed an error of law or an abuse of discretion in considering and relying upon facts outside of a stipulated record without affording the objector the opportunity to engage in discovery relating to the facts that were not part of the stipulated record. [Citing Haynes's first two bankruptcy actions]

[f].    Whether the Bankruptcy Court committed an error of law or abuse of discretion by granting the Appellant 14 days, until November 7, 2013, to object to the dismissal to be with prejudice; then dismissed the case even though the Appellant's case C/A No. 13-02610 was withdrawn by Appellant, in good faith.

[g].    Whether the Bankruptcy Court committed an error of law or an abuse of discretion by granting Order Dismissing case With Prejudice, even after Appellant followed the Court's recommendations to hire Counsel to file Objection to Dismissal with Prejudice.

(ECF No. 12 at 1-3.)  Haynes's appellant brief, filed on April 29, 2014, argues that:  (1) the bankruptcy court erred in dismissing Haynes's Chapter 13 case; (2) the bankruptcy court erred in entering the dismissal with prejudice for one year; and (3) the bankruptcy court was biased against Haynes.  (Appellant Br. at 2-5, ECF No. 18 at 2-5.)  The Trustee filed his brief on May 9, 2014.  (ECF No. 20.)[2]

## DISCUSSION

### A.    Standard of Review

Section 158 of Title 28 of the United States Code authorizes district courts to act as appellate tribunals for final orders from bankruptcy courts.  28 U.S.C. § 158(a)(1).   The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district

---

[2]  The court notes that Haynes has not objected to the Trustee's characterization of the issues raised in this appeal.



court proceeding. <u>See</u> 28 U.S.C. § 158(c)(2). Accordingly, a district court reviews the bankruptcy court's findings of fact for clear error, and its legal conclusions *de novo*. <u>See Nat'l Heritage Found., Inc. v. Highborne Found.</u>, 760 F.3d 344, 347 (4th Cir. 2014); <u>SG Homes Assoc., LP v. Merinucci</u>, 718 F.3d 327, 334 (4th Cir. 2013). A finding of fact is clearly erroneous when a review of the entire record shows that " 'a mistake has been committed.' " <u>United States v. Hall</u>, 664 F.3d 456, 462 (4th Cir. 2012) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). "Mixed questions of law and fact are also reviewed de novo." <u>Zurich Am. Ins. Co. v. Tessler (In re J.A. Jones, Inc.)</u>, 492 F.3d 242, 249 (4th Cir. 2007).

**B.     Haynes's Claims on Appeal**

**1.     Dismissal of Haynes's Bankruptcy Case**

Haynes appears to challenge the bankruptcy court's initial order dismissing his third bankruptcy case. (ECF No. 12 at 2, citing the order of dismissal entered on October 24, 2013.) The Trustee argues that Haynes's bankruptcy case was properly dismissed for his failure to receive credit counseling within 180 days before filing the action. (Appellee Br. at 13, ECF No. 20 at 20.) The court agrees.

As discussed and amply supported by law in the Trustee's brief, individuals seeking bankruptcy relief are required to receive "during the 180-day period ending on the date of filing of the petition," an individual or group briefing "from an approved nonprofit budget and credit counseling agency." 11 U.S.C. § 109(h)(1). The Bankruptcy Code provides limited exceptions to this pre-filing credit counseling requirement. <u>See</u> 11 U.S.C. § 109(h)(2), (3). While the majority of courts have found that failure to comply with § 109(h) is not jurisdictional, <u>see Adams v. Zarnel (In re Zarnel)</u>, 619 F.3d 156, 169 (2d Cir. 2010); <u>see also In re Fiorillo</u>, 455 B.R. 297, 305 (Bankr.



D. Mass. 2011), "courts have held that the proper remedy for failure to comply with Section 109(h) is dismissal of the debtor's case, as one who is not a debtor cannot obtain relief under the Bankruptcy Code." In re Mitrano, 409 B.R. 812, 819 (Bankr. E.D. Va. 2009) (citing In re Ross, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006)); see also In re Borges, 440 B.R. 551, 556 (Bankr. D.N.M. 2010) (collecting cases).

The Bankruptcy Code confers authority for bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Code further allows the court to *sua sponte* take "any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Id. "Thus, bankruptcy courts necessarily have authority to dismiss cases *sua sponte* where the filer has failed to satisfy 109(h) and consequently is not an eligible debtor." In re Mitrano, 409 B.R. at 819.

In this case, the record reflects that Haynes did not file a certificate of credit counseling with his bankruptcy petition and instead alleged that the following exigent circumstance merited a waiver of prior credit counseling: "Illness rendered me temporarily incapacitated." (Bankr. Pet., ECF No. 5-1 at 6.) On October 7, 2013, the bankruptcy court issued a notice to Haynes directing him to cure this defect. (Bankr. Ct. Notice, ECF No. 5-3 at 1.) On October 15, 2013, Haynes filed a Certificate of Counseling stating that he received credit counseling on October 5, 2013. See Haynes, C/A No. 13-5901-jw at ECF No. 11.

In the his brief, Haynes asserts that he did not file an "Initial Counseling Certificate [until] immediately following the new filing, due to emergency filing, as explained to the Court." (Appellant Br. at 4, ECF No. 18 at 4.) However, during the bankruptcy hearing on December 5,



2013, Haynes failed to raise any exigent circumstance meriting waiver of the credit counseling requirement, or any circumstances related to an emergency filing. Instead, when questioned by the court about the dismissal of his case, Haynes testified that he received credit counseling in his other bankruptcy cases and learned, after filing the third bankruptcy petition, that credit counseling certificates expire after six months. (Hearing Tr. at 35:2-21, ECF No. 19-4 at 35.) Haynes further testified that he immediately received credit counseling after he filed the case and submitted a certificate of credit counseling to the court. (Id.)

Based on a review of the record, this court finds that Haynes did not satisfy the requirement of § 109(h) or qualify for any deferral of credit counseling. Accordingly, the court concludes that the bankruptcy court committed no clear error in its factual findings and no reversible error of law in its initial dismissal of Haynes's third bankruptcy case. See Nat'l Heritage Found. Inc., 760 F.3d at 347. As such, the bankruptcy court's initial dismissal of Haynes's third bankruptcy case should be affirmed and Haynes's appeal on this basis dismissed.

### 2. Dismissal with Prejudice under 11 U.S.C. § 349(a)

Haynes asserts that the bankruptcy court committed an error of law in dismissing his case with prejudice (ECF No. 12 at 1), and alleges that dismissal with prejudice constituted "clear legal error" because "no abuse is evident." (Appellant Br. at 6, ECF No. 18 at 6.) The Trustee argues that the bankruptcy court's dismissal of Haynes's case with prejudice is proper based on his prior filing history and failure to disclose required information. (Appellee Br., ECF No. 20 at 21.) As discussed below, the court agrees that the bankruptcy court committed no clear error in its factual findings and no legal error by dismissing Haynes's case.

PJG

Section 11 U.S.C. § 349(a)[3] controls dismissal of a bankruptcy case, and the United States Court of Appeals for the Fourth Circuit has recognized that § 349(a) has been used by courts to dismiss cases with prejudice for "the 180-day period provided by [11 U.S.C.] § 109(g) or a longer period."  In re Tomlin, 105 F.3d 933, 939 (4th Cir. 1997).  "However, courts generally do not dismiss bankruptcy cases with an injunction to re-filing absent evidence of egregious conduct demonstrating bad faith."  In re Pressley, 502 B.R. 196, 204 (Bankr. D.S.C. 2013) (citing Tomlin, 105 F.3d at 937).

The record in the instant appeal reflects that Haynes filed three bankruptcy cases in a one-year period.  As discussed in the background section of this Report and Recommendation, Haynes's first petition was dismissed for cause on motion of the Trustee for failure to file accurate and complete bankruptcy schedules, and his second petition was voluntarily dismissed after the Trustee filed a motion seeking dismissal for again filing inaccurate and incomplete schedules.

With regard to his third bankruptcy case, Haynes asserted an average monthly income of $1,558.28 and personal property totaling $200 in cash.  (Summary of Schedules, ECF No. 5-4 at 2, 4.)  Haynes listed no interest in any incorporated or unincorporated businesses and no checking, savings, or other financial accounts.  (Id. at 4-5.)  However, at the hearing on December 5, 2013 to

---

[3] Section 349(a) states: "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  11 U.S.C. § 349(a).  Section 109(g) states:  "Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."  11 U.S.C. § 109(g).



determine whether Haynes's case should be dismissed with prejudice, he admitted to owning ABS Transportation (Hearing Tr. at 22:13-22, ECF No. 7-1 at 22), with vehicles worth approximately $12,000 and a checking account worth $10,000 (id. at 23:7-13, 18-24).  Haynes further testified to owning Right Way Services and Athletes United (id. at 24:13-16), with checking accounts worth approximately $1,000 (id. at 25:4-6), and $65,000 (id. at 26:5-16) respectively.  Haynes also admitted to recently opening ABS Diabetes Center.  (Id. at 26: 21-23.)  Haynes stated that he had the ability to make a $4,400 monthly payment, and could realistically pay himself over $48,000 from his businesses.  (Id. at 38:12-25.)

On cross-examination at the hearing, Haynes testified that he had owned ABS Transportation for six years (id. at 49:8-10), Right Way Services for fifteen years (id. at 51:23-25, 52:1), Athletes United since 2007 (id. at 53:14-20), and ABS Diabetes Center for approximately one year (id. at 54:11-16).  Haynes further admitted that he originally filed incorrect schedules in his third bankruptcy case, and failed to list any of the businesses or checking accounts disclosed in his testimony.  (Id. at 56:13-25, 57:1-19.)  Haynes testified that the schedules he submitted in his third bankruptcy case reported a $1,500 average monthly income (id. at 58:1), rather than the $4,400 monthly income alleged during testimony.  Haynes also admitted that he failed to disclose his business, or income from his companies on the schedules submitted for all of his bankruptcy cases, despite being asked about such businesses by the Trustee.  (Id. at 58:6-21, 59:1-17.)

In dismissing Haynes's third bankruptcy case, the bankruptcy court found that

> The evidence presented at the hearing indicated that the Debtor, in this case and prior cases, has repeatedly failed to fully disclose the extent of his assets and income in his bankruptcy cases.  The Debtor admitted having ownership of a number of companies during the pendency of all three bankruptcy cases and that one of these companies has assets of $10,000.  The Debtor did not disclose his interest in these companies



or their assets in his two prior cases or in the Schedules filed in this case. The Debtor admitted that he had never disclosed ownership in this case or his prior cases despite being questioned repeatedly by case trustees or the United States Trustee. The Debtor presented proposed Schedules to be filed in a future case to indicate that he has monthly income of $6,100.00. However, the Schedules filed by the Debtor on October 18, 2013 indicated a monthly income of $1,558.28.

(ECF No. 6-2 at 2-3.)

The bankruptcy court concluded that "under the circumstances of this case and prior cases, the Debtor has engaged in a pattern of conduct in his filings which is indicative of an abuse of the bankruptcy process and further finds that the Debtor's conduct has caused delay that has been prejudicial to creditors. . . . The Debtor has offered no convincing evidence to justify or explain his conduct." (Id. at 5.) Thus, the bankruptcy court ordered that the "Debtor's objection is overruled and the Dismissal Order is amended to provide for dismissal of the Debtor's case with prejudice to bar a refiling under any chapter of the Bankruptcy Code for a period of one (1) year from the date of the entry of this Order." (Id.)

Based on a review of the record on appeal, this court finds that Haynes has failed to disclose his interest in, and income from, several companies in schedules submitted to the bankruptcy court. (See ECF Nos. 4-1, 4-5, 5-4.) Accordingly, the court finds that cause exists under § 349(a) to dismiss Haynes's third bankruptcy action with prejudice and that the bankruptcy court committed no clear error in its factual findings and reversible legal error in dismissing the action. See In re Tomlin, 105 F.3d at 937 (noting that a dismissal with prejudice could result from "egregious behavior that demonstrates bad faith and prejudices creditors-for example, concealing information from the court"). As such, the court concludes that the bankruptcy court's dismissal of Haynes's third bankruptcy action with prejudice should be affirmed.



       **3.**       **One-Year Prohibition from Refiling**

Haynes also challenges the bankruptcy court's ruling that he be prohibited from refiling under any chapter of the Bankruptcy Code for one year.  As noted by the Trustee, the bankruptcy court order dismissing Haynes's Chapter 13 case with prejudice for one year was issued on December 6, 2013, and the one-year prohibition on Haynes's ability to refile a petition in the bankruptcy court has now expired.  (Appellee Br. at 25, ECF No. 20 at 32.)  Under Article III of the Constitution, federal courts are limited to the adjudication of "actual, ongoing controversies."  Honig v. Doe, 484 U.S. 305, 317 (U.S. 1988).  A controversy becomes moot where it lacks "one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability."  Townes v. Jarvis, 577 F.3d 543, 546-47 (4th Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Because a federal court lacks authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it," an appeal must be dismissed "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party."  Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)) (internal quotation mark omitted).

In the present appeal, Haynes asks this court, in part, to "[r]everse the . . . one-year ban from any filing."  (Appellant Br. at 2, ECF No. 18 at 2.)  However the passage of time has rendered the court unable to redress this issue.  As such, the court concludes that the portion of Haynes's appeal seeking relief from the one-year refiling prohibition should be dismissed as moot.  See Mills, 159 U.S. at 653.

### 4.    Other Claims

Haynes appears to challenge the bankruptcy court's March 12, 2013 order denying the conversion of his first case from Chapter 7 to Chapter 13. (Appellant Br. at 3, ECF No. 18 at 3.) However, Haynes's argument on this issue is simply not relevant to this appeal and provides no basis for the court to recommend reversing the bankruptcy court's December 6, 2013 order, which is the subject of this appeal.  Further, Haynes's general arguments of bias are wholly unsupported.  (Cf. Appellee Br. at 19-24, ECF No. 20 at 26-31.)

With regard to his remaining issues, Haynes has failed to present any argument to support them.  Although he appears to provide numerous case summaries (Appellant Br. at 6-12, ECF No. 18 at 6-12), Haynes has failed to provide any basis to reverse the bankruptcy court's order.  As the court cannot find any clear error in the bankruptcy court's factual findings or any reversible legal error in regard to Haynes's remaining claims, the court concludes that they should be dismissed and the bankruptcy court's order dismissing Haynes's third bankruptcy affirmed.

### RECOMMENDATION

Based on the foregoing, the court recommends that the bankruptcy court's order at issue be affirmed, and that this appeal be dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 26, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).